UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JONATHAN THOMAS,

         Plaintiff,

    -against-

THE CITY OF NEW YORK; JONATHAN BURKE;
SPENCER GARRETT; JOSEPH IMPERATRICE; and
JOHN/JANE DOES, Nos. 1-10 (the names John and
Jane Doe being fictitious, as the true names are presently
unknown),

         Defendants.
------------------------------------------------------------------x

**COMPLAINT**

**Jury Trial Demanded**

**ECF Case**

    Plaintiff JONATHAN THOMAS, by his attorney, Robert T. Perry, respectfully alleges as follows:

### NATURE OF ACTION

    1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts supplemental claims under New York law.

### JURISDICTION AND VENUE

    2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3. The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

    4. The Court has jurisdiction over plaintiff's supplemental state law claims under 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to plaintiff's claims occurred in this district.

## JURY DEMAND

6. Plaintiff demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff JONATHAN THOMAS is a resident of the City, County, and State of New York.

8. Defendant THE CITY OF NEW YORK ("the City") is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of New York. The City maintains the New York City Police Department ("NYPD"), which acts as the City's agent in the area of law enforcement and for which the City is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

9. Defendant JONATHAN BURKE (Shield No. 04255) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Burke was a police officer assigned to the 7th Precinct. Defendant Burke is being sued in his individual capacity.

10. Defendant SPENCER GARRETT (Shield No. 16468) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Garrett was a police officer assigned to the 7th Precinct. Defendant Garrett is being sued in his individual capacity.

11. Defendant JOSEPH IMPERATRICE (Shield No. 03504) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Imperatrice was a sergeant assigned to the 7th Precinct. Defendant Imperatrice is being sued in his individual capacity.

12. All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. The Doe defendants are being sued in their individual capacities.

13. At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties. At all relevant times herein, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

14. At all relevant times herein, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

15. On Friday evening, March 21, 2014, plaintiff attended a birthday party for a friend at 240 Madison Street on the Lower East Side of Manhattan. Plaintiff was an invited guest.

16. At about 3:00 a.m., on Saturday, March 22, 2014, as plaintiff and several others who had attended the birthday party were leaving the building through the lobby on the first

floor, they were stopped and arrested by police officers, including defendants Burke, Garrett, and Imperatrice, without probable cause or reasonable suspicion to believe that plaintiff or anybody with him had committed any crime or offense.

17. Plaintiff offered no physical resistance to his arrest and did not interfere in the arrests of the others with him. Nor did plaintiff yell or scream at the officers.

18. Plaintiff was placed in excessively tight handcuffs. He asked the officers to loosen the handcuffs but they ignored his requests.

19. Plaintiff was taken to the 7th Precinct, where he was made to remove his clothes and squat for inspection of his anal cavity, without probable cause or reasonable suspicion to believe that plaintiff had committed any crime or offense.

20. No drugs, pre-recorded buy money, other contraband, or any evidence of criminal activity were found on plaintiff's person or in his possession.

21. In connection with plaintiff's arrest, officers, including defendants Burke, Garrett, and Imperatrice, prepared a false and misleading police report which they forwarded to the New York County District Attorney's Office ("District Attorney") and made false and misleading statements to the District Attorney. As a result, the District Attorney decided to prosecute plaintiff.

22. On the afternoon of Saturday, March 22, 2014, plaintiff was taken to Central Booking in Manhattan, where he was held until the next day.

23. On Sunday afternoon, March 23, 2014, plaintiff was arraigned in New York City Criminal Court, New York County, and charged with Obstructing Governmental Administration in the Second Degree (New York Penal Law § 195.05) and Disorderly Conduct (New York Penal Law § 240.20(2)).

24. The charges were based on a complaint sworn to by defendant Imperatrice, who alleged that in the lobby of the apartment building at 240 Madison Street on Saturday, March 22, 2014, at about 3:00 a.m., plaintiff and his friends yelled and screamed at officers and plaintiff jumped on defendant Burke's back. The allegations were false, as plaintiff did not yell or scream at any officer and did not jump on defendant Burke's back.

25. Plaintiff pled not guilty because he was entirely innocent of all charges and was released on his own recognizance after approximately 36 hours in custody.

26. Over the next nine months, plaintiff had to make five more court appearances to defend himself against the false charges.

27. On December 8, 2014, all charges against plaintiff were dismissed for failure to prosecute.

28. As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, loss of liberty, physical restraints, loss of income, and violation of his constitutional rights.

## FIRST CLAIM FOR RELIEF

### (False Arrest Claim Under 42 U.S.C. § 1983)

29. Plaintiff repeats and realleges paragraphs "1" through "28" with the same force and effect as if they were fully set forth herein.

30. Defendants, acting in concert and within the scope of their authority, stopped, arrested, and caused plaintiff to be imprisoned without probable cause or reasonable suspicion to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

### SECOND CLAIM FOR RELIEF

### (Excessive Force Claim Under 42 U.S.C. § 1983)

31.     Plaintiff repeats and realleges paragraphs "1" through "30" with the same force and effect as if they were fully set forth herein.

32.     Defendants, acting in concert and within the scope of their authority, used objectively unreasonable force in arresting plaintiff, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

### THIRD CLAIM FOR RELIEF

### (Unlawful Strip Search Claim Under 42 U.S.C. § 1983)

33.     Plaintiff repeats and realleges paragraphs "1" through "32" with the same force and effect as if they were fully set forth herein.

34.     Defendants, acting in concert and within the scope of their authority, caused plaintiff to be strip searched without probable cause or reasonable suspicion to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

### FOURTH CLAIM FOR RELIEF

### (Malicious Prosecution Claim Under 42 U.S.C. § 1983 )

35.     Plaintiff repeats and realleges paragraphs "1" through "34" with the same force and effect as if they were fully set forth herein.

36.     Defendants, acting in concert and within the scope of their authority, caused plaintiff to be prosecuted with malice and without probable cause -- a prosecution that terminated

in plaintiff's favor -- in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

### FIFTH CLAIM FOR RELIEF

### (Violation-of-Right-to-Fair-Trial Claim under 42 U.S.C. § 1983)

37. Plaintiff repeats and realleges paragraphs "1" through "36" with the same force and effect as if they were fully set forth herein.

38. Defendants fabricated evidence against plaintiff and used that evidence against plaintiff in legal proceedings. As a result, plaintiff suffered a violation of his constitutional right to a fair trial, as guaranteed by the Fourteenth Amendments to the United States Constitution.

### SIXTH CLAIM FOR RELIEF

### (Failure-to-Intervene Claim Under 42 U.S.C. § 1983)

39. Plaintiff repeats and realleges paragraphs "1" through "38" with the same force and effect as if they were fully set forth herein.

40. Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having had a realistic opportunity to do so, in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

### Supplemental State Law Claims

41. Plaintiff repeats and realleges paragraphs "1" through "40" with the same force and effect as if they were fully set forth herein.

42. Within ninety (90) days after the claims herein arose, plaintiff duly served upon, presented to, and filed with the City a Notice of Claim setting forth all facts and information required under New York General Municipal Law § 50-e.

43. More than thirty (30) days have elapsed since the presentation of plaintiff's claims to the City. The City has wholly neglected or refused to make an adjustment or payment thereof.

44. This action was commenced within one (1) year and ninety (90) days after the claims accrued.

45. Plaintiff has complied with all conditions precedent to maintaining the instant action.

## SEVENTH CLAIM FOR RELIEF

### (False Arrest Under New York Law)

46. Plaintiff repeats and realleges paragraphs "1" through "45" with the same force and effect as if they were fully set forth herein.

47. Defendants, acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, and without any warrant or authority to do so.

## EIGHTH CLAIM FOR RELIEF

### (Assault Under New York Law)

48. Plaintiff repeats and realleges paragraphs "1" through "47" with the same force and effect as if they were fully set forth herein.

49. Defendants, acting in concert and within the scope of their authority, placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

### NINTH CLAIM FOR RELIEF

### (Battery Under New York Law)

50. Plaintiff repeats and realleges paragraphs "1" through "49" with the same force and effect as if they were fully set forth herein.

51. Defendants, acting in concert and within the scope of their authority, made offensive contact with plaintiff without privilege or consent.

### TENTH CLAIM FOR RELIEF

### (Unlawful Strip Search Under New York Law)

52. Plaintiff repeats and realleges paragraphs "1" through "51" with the same force and effect as if they were fully set forth herein.

53. Defendants, acting in concert and within the scope of their authority, caused plaintiff to be strip searched without probable cause or reasonable suspicion to believe that plaintiff had committed any crime or offense.

### ELEVENTH CLAIM FOR RELIEF

### (*Respondeat Superior* Liability Under New York Law)

54. Plaintiff repeats and realleges paragraphs "1" through "53" with the same force and effect as if they were fully set forth herein.

55. The City is vicariously liable for the acts of their employees and agents who were on duty and acting in the scope of their employment when they engaged in the above unlawful conduct.

## TWELFTH CLAIM FOR RELIEF

### (Negligent Screening, Hiring, and Retention Under New York Law)

56. Plaintiff repeats and realleges paragraphs "1" through "55" with the same force and effect as if they were fully set forth herein.

57. The City failed to use reasonable care in the screening, hiring, and retention of the NYPD employees who participated in the above unlawful conduct.

## THIRTEENTH CLAIM FOR RELIEF

### (Negligent Training and Supervision Under New York Law)

58. Plaintiff repeats and realleges paragraphs "1" through "57" with the same force and effect as if they were fully set forth herein.

59. The City failed to use reasonable care in the training and supervision of the NYPD employees who participated in the above unlawful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands the following relief jointly and severally against all the defendants:

(A)   Compensatory damages in an amount to be determined at trial;

(B)   Punitive damages in an amount to be determined at trial;

(C)   Reasonable attorney's fees and costs of this litigation; and

(D)   Such other relief as this Court deems just and proper.

Dated:   Brooklyn, New York
June 8, 2015

Respectfully submitted,

*Robert T. Perry*
ROBERT T. PERRY (RP-1199)
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JONATHAN THOMAS,                                                        :
                                                                        :
                                        Plaintiff,                      :
                                                                        :
                -against-                                               :
                                                                        :
THE CITY OF NEW YORK; JONATHAN BURKE;                                   :
SPENCER GARRETT; JOSEPH IMPERATRICE; and                                :
JOHN/JANE DOES, Nos. 1-10 (the names John and                           :
Jane Doe being fictitious, as the true names are presently              :
unknown),                                                               :
                                                                        :
                                        Defendants.                     :
------------------------------------------------------------------------x

**COMPLAINT**

ROBERT T. PERRY
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*